UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PERRY LEE LEWIS,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, CHERYL STRANGE,

    Defendant.

CASE NO. 3:22-CV-5433-BHS-DWC

REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS AND MISC. MOTIONS

Noting Date: September 15, 2022

    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court are Defendant's Motion to Dismiss (Dkt. 9), Plaintiff's "Motion Requesting Attorney to Settle Lawsuit" (Dkt. 15), and Plaintiff's "Motion to Add Defendants to Civil Tort for Violation of Plaintiff's Constitutional Rights and to Strike Defendants' Motion to Dismiss" (Dkt. 18).

## BACKGROUND

    This case arises from *pro se* Plaintiff Perry Lee Lewis' lawsuit alleging claims under 42 U.S.C. § 1983 and the Washington Constitution against Defendants Washington State

1 | Department of Corrections (DOC) and Ms. Cheryl Strange, Secretary of DOC (Defendants).
2 | Plaintiff alleges Defendants violated his right to due process under the United States Constitution
3 | and the Washington State Constitution by failing to provide him with a timely hearing.
4 | According to Plaintiff, "upon arriving at Walla Walla Prison to be held for alleged
5 | community custody violations in late July of 2020, [he] was not afforded [his] right to due
6 | process under the directives of the Washington Department of Corrections nor within [his]
7 | constitutional rights to due process afforded in the Washington Constitution or federal
8 | constitution." Dkt. 1-1. Plaintiff also claims that he "could only be held legally for 30 days by
9 | D.O.C. here in Washington," and that he "did not receive [his] hearing [until his] 32nd day in
10 | custody." *Id*. He further states that DOC should have released him to the local county jail, but
11 | instead housed him for an additional night. *Id*. He alleges "this was done by employees of the
12 | Washington Department of Corrections and Director." *Id*.
13 | The Office of Risk Management (ORM), Department of Enterprise Services (DES),
14 | reportedly received Plaintiff's tort claim on or about September 11, 2020. Dkt. 10 at 2. However,
15 | Plaintiff did not use the standard tort claim form to give notice. *Id*.
16 | Then, in October 7, 2021, Plaintiff filed his complaint in Thurston County Superior
17 | Court. *See* Dkt. 1-1. According to Defendants, Plaintiff never properly served DOC, Secretary
18 | Strange, or any other DOC employee. Dkt. 9 at 3.
19 | Defendants removed the case to this Court on June 13, 2022. Dkt. 1.
20 | On June 14, 2022, the Clerk of the Court (the Clerk) mailed a letter to Plaintiff. Dkt. 5.
21 | On June 15, 2022 the Clerk also mailed a Notice of Assignment to a U.S. Magistrate Judge to
22 | Plaintiff. Dkt. 6.
23 | On June 17, 2022 Defendants filed the pending motion to dismiss. Dkt. 9
24 |

|   |   |
|---|---|
| 1 | On June 24, 2022 both the letter and notice mailed by the Clerk to Plaintiff were returned |
| 2 | to the Court as undeliverable. Dkts. 11, 12. Therefore, on June 29, 2022 this Court ordered |
| 3 | Plaintiff to notify the Court of his current mailing address by August 23, 2022, or the |
| 4 | undersigned would recommend dismissal of this action without prejudice. Dkt. 13.[1] |
| 5 | On July 7, 2022 Plaintiff filed the pending "Motion Requesting Attorney to Settle |
| 6 | Lawsuit and Response to Notice to Update Address" in which he indicated his address was |
| 7 | Cowlitz County Jail, 1935 First Ave., Longview, WA 98632. Dkt. 15. |
| 8 | Nevertheless, on July 13, 2022 the Clerk again noted that documents mailed to Plaintiff |
| 9 | were returned as undeliverable. Dkt. 16. The Court's inspection of the address used by the Clerk |
| 10 | to send mail to Plaintiff reveals that the Clerk mistakenly failed to utilize the above corrected |
| 11 | address (though it is properly listed on the docket report). Dkt. 16. Still, Plaintiff has proven |
| 12 | capable of accessing case filings and prosecuting his case despite this address confusion. |
| 13 | To be sure, on July 20, 2022 Plaintiff filed the additionally pending Motion to Add |
| 14 | Defendants to Civil Tort for Violation of Plaintiff's Constitutional Rights and to Strike |
| 15 | Defendants' Motion to Dismiss. Dkt. 18. On July 29, 2022 Defendants filed a response in |
| 16 | opposition. Dkt. 19. |

On June 24, 2022 both the letter and notice mailed by the Clerk to Plaintiff were returned to the Court as undeliverable. Dkts. 11, 12. Therefore, on June 29, 2022 this Court ordered Plaintiff to notify the Court of his current mailing address by August 23, 2022, or the undersigned would recommend dismissal of this action without prejudice. Dkt. 13.[1]

On July 7, 2022 Plaintiff filed the pending "Motion Requesting Attorney to Settle Lawsuit and Response to Notice to Update Address" in which he indicated his address was Cowlitz County Jail, 1935 First Ave., Longview, WA 98632. Dkt. 15.

Nevertheless, on July 13, 2022 the Clerk again noted that documents mailed to Plaintiff were returned as undeliverable. Dkt. 16. The Court's inspection of the address used by the Clerk to send mail to Plaintiff reveals that the Clerk mistakenly failed to utilize the above corrected address (though it is properly listed on the docket report). Dkt. 16. Still, Plaintiff has proven capable of accessing case filings and prosecuting his case despite this address confusion.

To be sure, on July 20, 2022 Plaintiff filed the additionally pending Motion to Add Defendants to Civil Tort for Violation of Plaintiff's Constitutional Rights and to Strike Defendants' Motion to Dismiss. Dkt. 18. On July 29, 2022 Defendants filed a response in opposition. Dkt. 19.

## DISCUSSION

Defendants move to dismiss Plaintiff's Section 1983 claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) alleging, *inter alia*, that Plaintiff's failure to comply with RCW 4.92 divested this Court of subject matter jurisdiction over his state law claims, and that his Section 1983 claim fails as against Secretary Strange because he does not allege she

---

[1] In this order the Court also directed the Clerk to re-note Defendants' pending Motion to Dismiss (Dkt. 9) to August 26, 2022.

REPORT AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO
DISMISS AND MISC. MOTIONS - 3

1  personally participated in any constitutional violations, and as against the DOC because it is not
2  a "person" within the meaning of the statute. Dkt. 9 at 5. This Court concurs.

3      I.      Motion to Dismiss for Lack of Subject Matter Jurisdiction

4          a.   Standard

5  Federal Rule of Civil Procedure (Rule) 12(b)(1) authorizes the dismissal of a case for
6  lack of subject matter jurisdiction. A complaint must be dismissed under Rule 12(b)(1) if,
7  considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does
8  not arise under the Constitution, laws, or treaties of the United States, or does not fall within one
9  of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or
10 controversy within the meaning of the Constitution; or (3) is not one described by any
11 jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal
12 question jurisdiction). Federal courts are courts of limited jurisdiction, and are presumed to lack
13 subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life*
14 *Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Once subject matter jurisdiction has been challenged,
15 the plaintiff bears the burden of establishing it. *Id.*

16         b.   Analysis

17 Defendants aver that Plaintiff failed to comply with the State of Washington's pre-suit
18 notice prerequisite to this Court's exercise of pendent jurisdiction over his state law claims. Dkt.
19 9 at 6-7. The Court has reviewed Plaintiff's submissions in this case and has not located a
20 rebuttal to this argument.

21 Revised Code of Washington (RCW) 4.92.100(1) requires a plaintiff to file a standard
22 tort claim notice with DES before commencing suit against a governmental entity in
23 Washington. It states, in relevant part,

24

> All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, must be presented to the office of risk management. * * * **For claims for damages presented after July 26, 2009, all claims for damages *must* be presented on the standard tort claim form that is maintained by the office of risk management…**

RCW 4.92.100(1) (emphasis added).

"The purpose of claim filing statutes is to 'allow government entities time to investigate, evaluate, and settle claims.'" *Lee v. Metro. Parks Tacoma*, 183 Wash. App. 961, 968 (2014) (*quoting Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wash. 2d 303, 310 (2002)). Compliance with the claim-filing requirements of RCW 4.92 is a mandatory condition precedent to suit against the State, state agencies, and state employees. *Levy v. State*, 91 Wash. App. 934, 942 (1998); *Andrews v. State*, 65 Wash. App. 734, 738 (1992). Failure to comply with the statutory notice filing provisions deprives the court of subject matter jurisdiction. *Schoonover v. State*, 116 Wash. App. 171, 177 (2003); *see also Reyes v. City of Renton,* 121 Wash. App. 498, 502 (2004) ("Failure to strictly comply with statutory filing requirements leads to dismissal of the action.").

Here, the record indicates that DES received Plaintiff's "tort claim" on September 11, 2020 but it was not presented on the standard tort claim form maintained by ORM. Dkt. 10 at 2. Failure to use the standard tort claim form clearly violates the State of Washington's pre-suit notice requirement. Accordingly, this Court concurs with Defendants that Plaintiff has not met his burden of establishing the condition precedent to this Court's jurisdiction over his state law claims, and that such claims should be dismissed pursuant to Rule 12(b)(1).

///

///

///

II. Motion to Dismiss for Failure to State a Claim

    a. Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Id.*

    b. Analysis

In his Complaint Plaintiff alleges Defendants violated his constitutional right to due process by failing to provide him with a timely hearing. Dkt. 1-1. He alleges "this was done by employees of the Washington Department of Corrections and Director." *Id.*

Defendants move to dismiss Plaintiff's Section 1983 claim on the basis that it fails to allege facts sufficient to state a cognizable claim for relief. Dkt. 9 at 8-10.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and, (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a 42 U.S.C. § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a Section 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989); *see also Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)(a section 1983 claim may not rest on the sole theory that a supervisor is liable for the acts of his or her subordinates).

Here, Plaintiff does not allege Secretary Strange personally participated in depriving him of a timely hearing. In fact, he does not describe any affirmative act or omission by anyone. Instead he states the alleged deprivations were "done by employees of the Washington

REPORT AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO
DISMISS AND MISC. MOTIONS - 7

1  Department of Corrections and Director." Dkt. 1-1. A review of the documents attached to his
2  Complaint also fails to implicate Secretary Strange in any way. *Id*. Plaintiff does not offer any
3  argument on this issue. Thus, the Court finds Plaintiff has failed to allege personal participation
4  by Secretary Strange and as such fails to state a Section 1983 claim against her.

5  Plaintiff also alleges that DOC violated his constitutional right to due process by failing
6  to provide him with a timely hearing. However, a plaintiff may only maintain an action under
7  Section 1983 for violations of constitutional rights performed by a person acting under color of
8  state law. *See* 42 U.S.C. § 1983. States, state agencies, and state officials sued in their official
9  capacity are not persons under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58,
10 64 (1989). Accordingly, Plaintiff cannot bring a Section 1983 claim against DOC.

11 Because the Court finds Plaintiff's Complaint to be insufficient as a matter of law, it
12 concurs with Defendants that the Complaint should be dismissed for the additional reason that it
13 fails to state a claim upon which this Court could grant relief.[2] Consequently, the Court finds no
14 reason to take up Plaintiff's pending motions, and instead the Court recommends denying them
15 as moot.

16 CONCLUSION

17 Based on the foregoing the Court recommends Defendant's Motion to Dismiss (Dkt. 9)
18 be GRANTED, Plaintiff's "Motion Requesting Attorney to Settle Lawsuit" (Dkt. 15) be
19 DENIED as moot, and Plaintiff's "Motion to Add Defendants to Civil Tort for Violation of

---

22 [2] The Court acknowledges Defendant's argument that the Washington Constitution's Due Process Clause is similar to the Due Process Clause of the United States Constitution and does not provide broader protections. Dkt. 9 at 10 (citing WASH. CONST. art. I, § 3; *In re Dyer*, 143 Wn.2d 384, 394 (2001)). The Court finds it unnecessary to
23 decide whether Plaintiff has concomitantly failed to state a claim of this nature, having already determined no federal claim will lie.

Plaintiff's Constitutional Rights and to Strike Defendants' Motion to Dismiss" (Dkt. 18) also be DENIED as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 15, 2022 as noted in the caption.

Dated this 1st day of September, 2022.

David W. Christel
United States Magistrate Judge